Keith Aaron BUCHHEIT *v.* STATE of Arkansas

CR 98-1042                                                 6 S.W.3d 109

Supreme Court of Arkansas
Opinion delivered December 16, 1999

*Jeff Rosenzweig*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Mac Golden*, Ass't Att'y Gen., for appellee.

PER CURIAM. Keith Aaron Buchheit pleaded guilty to first-degree murder and was sentenced to thirty-two and one-half years in the Arkansas Department of Correction. Buchheit entered his plea pursuant to a negotiated plea agreement with the prosecutor. Shortly after the judgment was entered, Buchheit alleged ineffective assistance of counsel in a petition for relief under Arkansas Criminal Procedure Rules 26 and 37.[1] Specifically, Buchheit claimed that his guilty plea was involuntary because his attorney failed to advise him of a statute that would require him to serve at least seventy percent of his sentence before becoming eligible for parole. After a hearing, the circuit court found that there was conflicting testimony regarding the extent of the representations Buchheit's counsel made concerning his client's eligibility for parole. The circuit court resolved the conflict in favor of the attorney and denied relief. We now affirm that order.

During his testimony at the postconviction hearing, Buchheit's counsel conceded that he was unaware of the existence of Ark. Code Ann. § 16-93-611 (Supp. 1997), which requires defendants

---

[1] Buchheit pleaded guilty in 1997. At that time, Ark. R. Cr. P. 26.1 allowed a motion to withdraw a plea of guilty after entry of the judgment. That rule has since been amended to require such motions to be filed before the entry of the judgment.

convicted of first-degree murder to serve at least seventy percent of their sentence before becoming eligible for parole. Counsel stated that as a consequence, he did not advise Buchheit about the statute when the topic of parole eligibility was discussed. Counsel testified, however, that he did tell Buchheit that, as he considered whether or not to accept the State's offer of thirty-two and one-half years, "he needed to assume that he would do the full amount of time." Counsel also stated that he told Buchheit that while he was likely to get some credit toward the reduction of his sentence, he could not tell his client what that credit would be, and that it was "left up to the board of pardons and paroles."

For his part, Buchheit testified that his attorney did not inform him that he would have to serve at least seventy percent of his sentence before he would become eligible for parole. Buchheit also claimed that if he had known that information, he would not have pleaded guilty and would have insisted on a trial. He testified that his attorney never told him that he needed to be prepared to serve the entire sentence offered by the State. Rather, Buchheit claimed that his attorney assured him that he would only serve one half, or perhaps one third, of his sentence.

Charles Buchheit, the appellant's father, also testified. Mr. Buchheit claimed that his son's attorney never mentioned the seventy percent rule, but that he did make representations that Keith would have to serve only a fraction of his sentence before becoming eligible for parole. Mr. Buchheit was unable to recall the specific fraction that counsel mentioned, but he stated that he understood that his son would serve a maximum of about ten years before parole could be considered.

The rule for evaluating ineffective-assistance-of-counsel claims in cases involving guilty pleas appears in *Hill v. Lockhart*, 474 U.S. 52 (1985). In that case, the Supreme Court held that the "cause and prejudice" test of *Strickland v. Washington*, 466 U.S. 668 (1984), applied to challenges to guilty pleas based on ineffective assistance of counsel. The Court further held that in order to show prejudice in the context of a guilty plea, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. at 59.

In its order, the Circuit Court found that there was conflicting testimony as to whether counsel ever misadvised Buchheit, in the form of an estimation of the minimum amount of time he would have to serve, about his eligibility for parole. The Court resolved the conflict in counsel's favor, finding that "[t]he defendant's attorney stated unequivocally that he advised the Defendant Buchheit that he was not in a position to make any representations as to parole eligibility and, that the defendant must accept the sentence of thirty-two and one-half years with the realization that he could serve the entire sentence." The court then denied relief without making any further findings concerning the prejudice prong of the analysis for ineffective assistance of counsel.

Consequently, the issue that we must resolve in this appeal is whether the circuit court erred when it found, in essence, that Buchheit did not establish the "cause" prong under the analysis in *Hill v. Lockhart*, because he could not prove that his attorney made a positive misrepresentation about the time he could expect to serve before becoming eligible for parole.

In *Hill v Lockhart*, Hill filed a petition for habeas corpus in which he alleged that his guilty plea was not voluntary and intelligent because his attorney misinformed him about the length of time he would have to serve before becoming eligible for parole. Hill's attorney, and the court that accepted his plea, both informed Hill that he would have to serve one-third of his sentence before becoming eligible for parole. Hill was a "second offender" under Arkansas law, however, and was therefore actually required to serve one-half of his sentence before becoming eligible for parole.

The Supreme Court affirmed the denial of habeas corpus relief on the basis that Hill did not make the required showing of prejudice under *Strickland v. Washington, supra*. Consequently, the Court did not make any finding as to whether Hill's counsel, by misinforming him about his parole eligibility, rendered deficient performance.

In his brief, Buchheit argues that his attorney's failure to check the law and make him aware of the seventy percent rule, under circumstances where parole eligibility was a primary concern in deciding whether or not to accept the plea offer, constituted deficient performance. He relies on case law that resulted from litiga-

tion pursued by the petitioner in *Hill v. Lockhart* after the decision of the Supreme Court. *Hill v. Lockhart*, 877 F.2d 698 (8th Cir. 1989)(panel opinion); *Hill v. Lockhart*, 894 F.2d 1009 (8th Cir. 1990)(*en banc*, adopting the reasoning of the panel), *cert. denied* 497 U.S. 1011 (1990).

Hill began the subsequent litigation when he filed a second habeas petition in which he made a showing of prejudice as required by the Supreme Court opinion. Specifically, Hill was able to show that his attorney's representations about parole eligibility induced him to accept the State's plea offer, and that without such information, he would not have pleaded guilty and would have insisted on a trial. The United States Court of Appeals, Eighth Circuit, held that habeas corpus relief was warranted under the circumstances. *Hill v. Lockhart*, 894 F.2d 1009 (8th Cir. 1990).

Regarding the first prong of the *Strickland* analysis, the Eighth Circuit concluded that the advice that Hill received from his attorney about the decision to plead guilty was not within the range of competence demanded of attorneys in criminal cases. The Court also agreed that Hill was prejudiced by his attorney's erroneous advice. Specifically, the Court wrote:

> Not only had Hill explicitly asked his counsel about the parole system in Arkansas, but he had made clear that the time of eligibility was the dispositive issue for him in accepting or rejecting a plea bargain. He told his attorney that he considered it no bargain to forego a trial unless his eligibility would be sooner than seven years, which he understood to be the time he could serve with commutation of a life sentence.... Given the attorney's knowledge of his client's particular concern, a failure to check the applicable law was especially incompatible with the objective standard of reasonable representation in *Strickland*....[H]ere, the misadvice was of a solid nature, directly affecting Hill's decision to plead guilty.

*Hill v. Lockhart*, 894 F.2d at 1010.

In relying on the subsequent litigation in *Hill v. Lockhart*, Buchheit apparently seizes on the Eighth Circuit's recognition of the fact that the erroneous advice rendered by Hill's counsel could have been avoided by checking the applicable law, and that such failure occurred under circumstances when the decision of whether or not to plead guilty depended entirely upon Hill's eligibility for

parole. What he ignores, however, is that the error of Hill's counsel is of a different kind than the alleged error in this case. Where Hill's attorney and the trial court made a positive misrepresentation about the length of time that Hill could expect to serve before becoming eligible for parole, in the instant case, Buchheit's attorney and the trial court did not. Rather, Buchheit's counsel's alleged error was one of omission — he failed to inform his client of the minimum amount of time he would have to serve before parole could be considered, but, he did advise his client that he should assume that he would serve the full sentence.

In *Haywood v. State*, 288 Ark. 266, 704 S.W.2d 168 (1986), we held that Haywood's counsel did not perform deficiently when he did not tell Haywood how much time he would have to serve, as a habitual offender, before he would become eligible for parole. We recognized that the United States Constitution does not require the State to furnish the defendant with information about parole eligibility in order for the defendant's plea of guilty to be voluntary. We applied that rule to Haywood's ineffective–assistance–of–counsel claim and concluded that there is also no constitutional requirement for defense counsel to inform his client about his parole eligibility and "[t]herefore, his action, or inaction, in that regard, did not fall outside the range of competence demanded of attorneys in criminal cases."

We apply the reasoning in *Haywood* to this case. Buchheit's counsel had no constitutional duty to inform his client about the existence of the seventy percent rule, or the specifics of parole eligibility. Unlike the petitioner in *Hill v. Lockhart*, Buchheit had been advised that he could serve the entire sentence offered by the State. He was further advised that the issue of parole eligibility was a matter left to prison officials. While it may have been preferable to make his client aware of the statute, it cannot be said that counsel made any misrepresentation or engaged in any other conduct that induced Buchheit to forego a trial and plead guilty. Accordingly, the circuit court's denial of postconviction relief was not clearly erroneous. *See Catlett v. State*, 331 Ark. 270, 962 S.W.2d 313 (1998).

Affirmed.