# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3306

_____

Keith Aaron Buchheit,                           *
                                                *
        Appellant,                              *
                                                *
    v.                                          *  Appeal from the United States
                                                *  District Court for the Eastern
Larry Norris, Director,                         *  District of Arkansas.
Arkansas Department of Correction,              *
                                                *
        Appellee.                               *

_____

Submitted:  June 14, 2006
Filed: August 17, 2006

_____

Before LOKEN, Chief Judge, and BEAM and ARNOLD, Circuit Judges.

_____

ARNOLD, Circuit Judge.

Keith Buchheit appeals the denial of his habeas corpus petition by the district court.[1]  In his petition, he claimed that the Arkansas courts had denied him his constitutional right to effective assistance of counsel and due process.  We affirm.

_____

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

Keith Buchheit was one of three men charged with beating another man to death.  After one of his co-defendants was convicted and sentenced to 40 years' imprisonment, Mr. Buchheit agreed to plead guilty to first-degree murder in exchange for the prosecutor's promise to ask for a sentence no greater than 32½ years.  The state trial court accepted Mr. Buchheit's plea and sentenced him to that term.

When Mr. Buchheit pleaded guilty, he was not aware of a statute that required persons convicted of certain felonies, including first-degree murder, to serve at least seventy percent of their sentence before they could be paroled.  *See* Ark. Code Ann. § 16-93-611.  Mr. Buchheit's attorney also did not know about the law (perhaps because it had not been in effect very long), and therefore did not tell Mr. Buchheit about it.  Mr. Buchheit learned about the so-called seventy-percent rule shortly after he began serving his sentence; he then filed for post-conviction relief in state court, contending that he had received ineffective assistance of counsel.  *See* Ark. R. Crim. P. 26, 37.

The state trial court conducted a hearing on Mr. Buchheit's petition.  His counsel testified that he "needed to assume that [he] would do the full amount" in deciding whether to accept the plea agreement.  The attorney also testified that he told Mr. Buchheit and his father that "parole was left up to the parole board." Mr. Buchheit and his father testified that during the plea negotiations, the attorney told them that Mr. Buchheit would be eligible for parole after serving one-third or one-half of the sentence.  Counsel denied making any such statement.

The state trial court denied Mr. Buchheit's petition for relief.  In its order, the court referred to *Strickland v. Washington*, 466 U.S. 668 (1984), which sets forth the requirements for an ineffective-assistance-of-counsel claim.  The court noted that there was "an absolute conflict in testimony between the Defendant's attorney ... and the Defendant as to any representations made pertaining to parole eligibility."  The

parties agree that the court's decision credited the testimony of counsel: Without mentioning the defendant's version of the events, the court stated that counsel "unequivocally" testified that he had told his client that he could not make representations about parole eligibility and that the defendant should assume that he would serve his full sentence but admitted that he did not know about the seventy-percent rule. After citing a state case holding that receipt of some erroneous advice about parole eligibility cannot be a basis for setting aside a guilty plea, the court denied Mr. Buchheit's motion.

The Arkansas Supreme Court affirmed the trial court's decision. *Buchheit v. State*, 339 Ark. 481, 6 S.W.3d 109 (1999) (per curiam). Although the court noted that in *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985) (*Hill I*), the United States Supreme Court recognized a sixth-amendment right to effective representation for defendants entering guilty pleas, that case involved an attorney who made a positive representation that the defendant would be released after a period of time shorter than his sentence, *id.* at 54-55. Noting that the trial court had credited counsel's testimony, the Arkansas Supreme Court distinguished *Hill I* from Mr. Buchheit's case, because "Buchheit's counsel's alleged error was one of omission – he failed to inform his client of the minimum amount of time he would have to serve before parole could be considered, but, he did advise his client that he should assume that he would serve the whole sentence." *Buchheit*, 339 Ark. at 482, 485-86, 6 S.W.3d at 110, 112. The court further noted its holding in *Haywood v. State*, 288 Ark. 266, 268, 704 S.W.2d 168, 169 (1986), that the failure of an attorney to tell his client the amount of time that he would have to serve was not ineffective assistance of counsel. *Buchheit*, 339 Ark. at 486, 6 S.W.3d at 112. The court concluded that because Mr. Buchheit's attorney had not made any misrepresentation to his client about the amount of time that he would have to serve, the trial court did not err in denying him post-conviction relief. *Id.*

Mr. Buchheit filed a federal habeas corpus petition in the district court, claiming violation of his rights to due process and effective assistance of counsel. A magistrate

judge[2] concluded that the Arkansas courts' resolution of Mr. Buchheit's ineffective-assistance claim was not an unreasonable application of federal law. The magistrate judge said that the Supreme Court did not decide in *Hill I* whether erroneous parole advice constituted ineffective assistance of counsel. And although we had held in a later proceeding that the defendant in *Hill I* was entitled to habeas relief, *see Hill v. Lockhart*, 894 F.2d 1009, 1009-1010 (8th Cir. 1990) (en banc) (*Hill III*), *cert. denied*, 497 U.S. 1011 (1990), the magistrate judge concluded that *Hill III* was factually distinguishable from Mr. Buchheit's and that, in any event, our decision in *Hill III* could not serve as a basis for overturning the state court's judgment under the deferential standard established by the Anti-terrorism and Effective Death Penalty Act (AEDPA). The magistrate judge also recommended that Mr. Buchheit's due-process claims be denied. The district court accepted the magistrate judge's recommendations and denied the petition. We granted Mr. Buchheit a certificate of appealability with respect to his ineffective-assistance-of-counsel claim.

## II.

At the outset, we recognize that the provisions of AEDPA confine our review. We must affirm the Arkansas courts' denial of his claims unless their treatment of those claims "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," 28 U.S.C. § 2254(d)(1), or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2). We are bound by the facts as found by the state courts, absent clear and convincing evidence that those findings were incorrect. 28 U.S.C. § 2254(e)(1). Mr. Buchheit has presented no such evidence, so we proceed on the understanding that his counsel did not tell him that he would serve less than the full length of his

---

[2]The Honorable Jerry Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas.

sentence, and that counsel did inform Mr. Buchheit that he should be prepared to serve the full amount of his sentence and that the question of parole was up to state officials.

The Supreme Court case relied upon by Mr. Buchheit is *Hill I*. In *Hill I*, the petitioner pleaded guilty to first-degree murder. He then filed a habeas action, alleging that his attorney advised him that if he pleaded guilty, he would serve only one third of his sentence. In fact, however, because the petitioner was a repeat offender, Arkansas law required him to serve at least half of his sentence. *Hill I*, 474 U.S. at 53-55. The Supreme Court determined that to obtain habeas relief for ineffective assistance of counsel, the petitioner had to satisfy the requirements of *Strickland*: He had to prove that counsel's representation fell below an objective standard of reasonableness and that, but for the faulty performance, the petitioner would not have pleaded guilty. *Hill I*, 474 U.S. at 57-58. Turning to the facts, the Supreme Court specifically declined to determine "whether there may be circumstances under which erroneous advice by counsel as to parole eligibility may be deemed constitutionally ineffective assistance of counsel." This was because the Supreme Court found that the petitioner had failed to demonstrate prejudice, the second requirement of *Strickland*. *Hill I*, 474 U.S. at 60.

Because *Hill I* did not even address the question of whether the failure to inform a defendant of his parole eligibility is professionally unreasonable, we can hardly conclude that the Arkansas courts unreasonably determined that Mr. Buchheit's representation was constitutionally effective. In reiterating the constitutional standard for representation in *Hill I*, the Supreme Court referred to its earlier decisions in *Tollett v. Henderson*, 411 U.S. 258 (1973) and *McMann v. Richardson*, 397 U.S. 759 (1970). Those cases require petitioners to demonstrate that their representation "was not 'within the range of competence demanded by attorneys in criminal cases.' " *Tollett*, 411 U.S. at 266 (quoting *McMann*, 397 U.S. at 771). Relying on its own case law interpreting *McMann*, the Arkansas Supreme Court determined that Mr. Buchheit's counsel's performance did not fall outside that range. *Buchheit*,

339 Ark. at 486,6 S.W.3d at 112 (citing *Haywood*, 288 Ark. at 268, 704 S.W.2d at 169). We cannot say that that application of *McMann* was unreasonable.

Mr. Buchheit makes much of our own court's decisions in *Hill v. Lockhart*, 877 F.2d 698 (8th Cir. 1989) (*Hill II*), *vacated*, 883 F.2d 53 (8th Cir. 1989), and *Hill v. Lockhart*, 894 F.2d 1009 (8th Cir. 1990) (en banc) (*Hill III*). (These decisions arose out of Mr. Hill's second habeas petition, which he filed after the Supreme Court, in *Hill I*, 474 U.S. at 57-58, 60, held that defendants who plead guilty must meet *Strickland*'s requirements for ineffective-assistance claims and that Mr. Hill's first petition did not adequately allege prejudice.) In *Hill II*, 877 F.2d at 703, a panel of our court determined that the failure of an attorney to ascertain the applicable statute governing parole eligibility and accurately inform his or her client about that eligibility when asked amounted to ineffective assistance. Our en banc court then adopted the reasoning of the panel decision. *Hill III*, 894 F.2d at 1010.

It is important to note, however, that unlike the petitioner in *Hill II*, Mr. Buchheit did not request information about parole from his attorney, and he was not given incorrect factual information. Mr. Buchheit's attorney simply failed to provide Mr. Buchheit with information about Arkansas's seventy-percent rule, although he did advise him to be prepared to serve the full length of his sentence. In any event, neither *Hill II* nor *Hill III* can serve as a basis for any conclusion on our part about the reasonableness of the Arkansas courts' decision under AEDPA; court of appeals decisions, of course, cannot be "clearly established Federal law, as determined by the Supreme Court," 28 U.S.C. § 2254(d)(1). "To obtain habeas relief, Mr. [Buchheit] must therefore be able to point to a Supreme Court precedent that he thinks the [Arkansas] state courts acted contrary to or unreasonably applied." *Owsley v. Bowersox*, 234 F.3d 1055, 1057 (8th Cir. 2000), *cert. denied*, 534 U.S. 903(2001). *Hill* is the only Supreme Court case that Mr. Buchheit relies upon, and it does not even address the relevant issue.

Even if *Hill* or some other Supreme Court case required an attorney to advise a defendant about his or her parole eligibility in advance of a guilty plea, moreover, we do not think that Mr. Buchheit would be entitled to habeas relief. To succeed on an ineffective-assistance claim, Mr. Buchheit must demonstrate that he was prejudiced by counsel's failure to provide reasonably competent representation. *Hill*, 474 U.S at 58. The Arkansas courts found as a matter of fact that Mr. Buchheit's attorney told his client that he needed to assume that he would serve the full 32½-year sentence before pleading guilty. If Mr. Buchheit was willing to plead guilty after his attorney advised him that he should be prepared to serve the entirety of his sentence, there can be no reason to believe that he would have made a different choice had he been told to assume that he would serve at least seventy percent of that time. Thus, we do not think that Mr. Buchheit has made the required showing of "a reasonable probability that, but for counsel's errors, he ... would have insisted on going to trial." *Id.* at 59.

III.

For the reasons stated, we affirm the district court's denial of the petition.

_____