# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1852

_____

Danny Ridling,                                  *
                                                *
        Appellant,                           *
                                                *  Appeal from the United States
    v.                                          *  District Court for the Eastern
                                                *  District of Arkansas.
Larry Norris, Director,                         *
Arkansas Department of Correction,              *  [UNPUBLISHED]
                                                *
        Appellee.                            *

_____

Submitted:  October 3, 2008
Filed:  October 8, 2008

_____

Before WOLLMAN, SMITH, and GRUENDER, Circuit Judges

_____

PER CURIAM.

Danny Ridling was sentenced to 420 months in prison after an Arkansas jury found him guilty of rape. See Ridling v. State, 72 S.W.3d 466, 468-76 (Ark. 2002). In a state postconviction proceeding, Ridling raised a claim that his counsel was ineffective for failing to inform him about parole-eligibility rules, but the claim was denied and the Arkansas Supreme Court affirmed, noting the state trial court had found that Ridling was fully apprised of the consequences of his failure to accept the plea offer, and concluding that counsel's advice to go trial was a matter of strategy and did not amount to ineffective assistance. See Ridling v. State, No. CR 03-428, 2004 WL 2250718, at **2, 4 (Ark. Oct. 7, 2004) (unpublished per curiam). In this

subsequent 28 U.S.C. § 2254 petition, Ridling repeated his claim that his counsel rendered ineffective assistance by failing to inform Ridling during the plea negotiations that he would have to serve 70% of his sentence before becoming eligible for parole if convicted of a crime constituting rape under Arkansas law. The district court[1] denied relief, but granted Ridling's request for a certificate of appealability on the issue. We affirm.

When a state prisoner files a petition for a writ of habeas corpus in federal court, this court, like the district court, undertakes a limited and deferential review of the state court decisions adjudicating his claims. See Morales v. Ault, 476 F.3d 545, 549-50 & n.3 (8th Cir.) (standard of review), cert. denied, 128 S. Ct. 177 (2007). Specifically, habeas corpus relief is not granted with respect to any claim that was adjudicated on the merits in a state court unless the state court decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court, or unless the decision was based on an unreasonable determination of the facts. See 28 U.S.C. § 2254(d).

The Arkansas courts rejected Ridling's argument that his counsel was ineffective for failing to provide him with information about the minimum amount of time he would have to serve before parole would be considered. In Buchheit v. Norris, 459 F.3d 849 (8th Cir. 2006), another case involving a claim that counsel failed to inform his client of Arkansas's 70% parole-eligibility rule, we stated that we could "hardly conclude that the Arkansas courts unreasonably determined that [petitioner's] representation was constitutionally effective" where the Supreme Court had not yet addressed the question of whether the failure to inform a defendant of his parole eligibility was professionally unreasonable. See Buchheit, 459 F.3d at 852. Although we have found that erroneous parole-eligibility advice could constitute

---
[1]The Honorable Beth Deere, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

ineffective assistance, <u>see</u> <u>Hill v. Lockhart</u>, 894 F.2d 1009, 1010 (8th Cir. 1990) (en banc), Ridling did not meet his burden of rebutting the state court's presumptively correct factual finding that his counsel fully informed him about the plea and the consequences of refusing to accept it, <u>see</u> 28 U.S.C. § 2254(e)(1); <u>see also</u> <u>Hill</u>, 894 F.3d at 1010 (noting that, in some situations, incorrect advice about parole eligibility is merely collateral matter).

The judgment is affirmed.

_____