SLIP OPINION

# SUPREME COURT OF ARKANSAS

No. CR-14-158

| | |
|---|---|
| TOMMY MARTEZ BARBER<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered April 17, 2014<br><br>PRO SE MOTION FOR APPOINTMENT OF COUNSEL [ST. FRANCIS COUNTY CIRCUIT COURT, 62CR-12-504]<br><br>HONORABLE RICHARD L. PROCTOR, JUDGE]<br><br>APPEAL DISMISSED; MOTION MOOT. |

**PER CURIAM**

In 2013, appellant Tommy Martez Barber entered a negotiated plea of guilty to murder in the first degree and was sentenced to 480 months' imprisonment. Under the terms of the plea agreement, appellant entered a plea of guilty to first-degree murder in exchange for the State's agreement not to prosecute three additional felony charges pending against appellant.

Appellant subsequently filed in the trial court a timely, verified pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2013). After an evidentiary hearing, the trial court denied appellant's petition. Appellant lodged an appeal from the order in this court, and he now asks by pro se motion that counsel be appointed to represent him. Our jurisdiction to entertain the appeal and associated motion is pursuant to Rule 37 and Arkansas Supreme Court Rule 1-2(a)(8) (2013).

As it is clear from the record that appellant could not prevail on appeal, we dismiss the appeal. The motion is moot. An appeal from an order that denied a petition for postconviction

SLIP OPINION

relief will not be permitted to go forward when it is clear that the appellant could not prevail. *Williams v. State*, 2014 Ark. 70 (per curiam).

This court has held that it will reverse the circuit court's decision granting or denying postconviction relief only when that decision is clearly erroneous. *Hayes v. State*, 2014 Ark. 104, ___ S.W.3d ___. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Johnson v. State*, 2014 Ark. 74; *Sartin v. State*, 2012 Ark. 155, 400 S.W.3d 494.

In his petition, appellant contended that his trial counsel was ineffective because counsel did not advise him that he would not be eligible for parole until he had served seventy percent of his sentence. He alleged that counsel advised him that he would serve eight to ten years. When considering an appeal from a trial court's denial of a Rule 37.1 petition, the sole question presented is whether, based on a totality of the evidence under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), the trial court clearly erred in holding that counsel's performance was not ineffective. *Taylor v. State*, 2013 Ark. 146, ___ S.W.3d ___.

The benchmark for judging a claim of ineffective assistance of counsel must be "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. Pursuant to *Strickland,* we assess the effectiveness of counsel under a two-prong standard. First, a petitioner raising a claim of ineffective assistance must show that counsel made errors so serious that

SLIP OPINION

counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Williams v. State*, 369 Ark. 104, 251 S.W.3d 290 (2007). A court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Harrison v. State*, 2012 Ark. 198, 404 S.W.3d 830.

Second, the petitioner must show that counsel's deficient performance so prejudiced petitioner's defense that he was deprived of a fair trial. *Holloway v. State*, 2013 Ark. 140, ___ S.W.3d ___. A petitioner making an ineffective-assistance-of-counsel claim must show that his counsel's performance fell below an objective standard of reasonableness. *Abernathy v. State*, 2012 Ark. 59, 386 S.W.3d 477 (per curiam). The petitioner must show that there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. *Howard v. State*, 367 Ark. 18, 238 S.W.3d 24 (2006). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* The language "the outcome of the trial," refers not only to the finding of guilt or innocence, but also to possible prejudice in sentencing. *Id.* Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id.* "[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

Appellant's claim of ineffective assistance of counsel was not sufficient to grant postconviction relief. This court has held that there is no constitutional requirement for defense

3

SLIP OPINION

counsel to inform his or her client about parole eligibility and that the failure to impart such information does not fall outside the range of competence demanded of attorneys in criminal cases. *Paige v. State*, 2013 Ark. 432 (per curiam); *see also Cumming v. State*, 2011 Ark. 410 (per curiam) (citing *Buchheit v. State*, 339 Ark. 481, 6 S.W.3d 109 (1999) (per curiam)); *Haywood v. State*, 288 Ark. 266, 704 S.W.2d 168 (1986). In *Buchheit*, we acknowledged the decision in *Hill v. Lockhart*, 894 F.2d 1009 (8th Cir. 1990), where the Court of Appeals for the Eighth Circuit granted Hill's habeas-corpus petition on the ground that counsel made positive misrepresentations regarding parole eligibility and that counsel's assurances induced Hill's acceptance of the negotiated plea. Distinguishing *Hill*, we concluded that Buchheit's counsel was not ineffective for failing to advise the defendant that he would be required to serve seventy percent of his sentence under the applicable law because counsel made no representations regarding parole eligibility. *See Buchheit*, 339 Ark. 481, 6 S.W.3d 109; *see also Oliverez v. State*, 2012 Ark. 24 (per curiam) (There is a distinction between cases where counsel made positive assertions to the defendant concerning parole eligibility and cases where no advice was given.).

During the evidentiary hearing, appellant's counsel testified that she prepared a chart to aid in her discussion with appellant on the various charges that outlined the original charges against appellant, the possible sentences that could be imposed, and included references to the fact that appellant would be required to serve seventy percent of his sentence for some of the offenses. On the chart, which was introduced into evidence at the Rule 37.1 hearing, "70%" is written under capital murder, first-degree murder and aggravated robbery. Counsel testified that under the negotiated plea, the State agreed to reduce the capital-murder charge against appellant

to first-degree murder and to not prosecute the other charges, including the aggravated robbery charge. Again, counsel testified that she discussed with appellant the requirement that he serve seventy percent of the sentence for first-degree murder. Appellant contradicted that testimony, but it was for the trial court as fact-finder to assess the credibility of the witnesses at the hearing and determine whom to believe. *Tornavacca v. State*, 2012 Ark. 224, 408 S.W.3d 727. Counsel's testimony concerning her advice on the seventy-percent requirement was deemed by the trial court to be more credible than appellant's claim that he was not informed of the requirement. Accordingly, we cannot say that the trial court clearly erred in denying relief on the allegation concerning parole eligibility.

Appellant also argued in the hearing that counsel did not give him a copy of the material obtained during discovery and that the evidence against him was not strong enough to sustain a judgment of conviction for the offense to which he pled guilty or for the other charges he would have faced if he had not entered the negotiated plea. First, it is well settled that assertions challenging the sufficiency of the evidence to support the judgment are not cognizable in a Rule 37.1 proceeding. *Scott v. State*, 2012 Ark. 199, 406 S.W.3d 1. Second, because the judgment in appellant's case was entered on a plea of guilty, the sole issue in postconviction proceedings is whether the plea was intelligently and voluntarily entered on advice from competent counsel. *Thacker v. State*, 2012 Ark. 205 (per curiam); *Sandoval-Vega v. State*, 2011 Ark. 393, 384 S.W.3d 508 (per curiam). Appellant's contention that his trial counsel was ineffective for failing to provide him with a copy of the discovery materials does not demonstrate that his plea was not intelligently and voluntarily entered on advice of competent counsel.

SLIP OPINION

Appealed dismissed; motion moot.

*Tommy Martez Barber*, pro se appellant.

No response.