# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-3482
_____

Ricky Earl White

*Plaintiff - Appellant*

v.

Wendy Kelley

*Defendant - Appellee*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Pine Bluff
_____

Submitted: December 15, 2015
Filed: June 1, 2016
_____

Before MURPHY, BENTON, and KELLY, Circuit Judges.
_____

BENTON, Circuit Judge.

Ricky E. White appeals the denial of his habeas corpus petition. White claims that his counsel's last-minute change of trial strategy and failure to allow him to testify violated his constitutional right to effective assistance of counsel. This court granted a certificate of appealability under 28 U.S.C. § 2253 and now affirms.

I.

On February 2, 2008, Penze Wine was shot and killed in a recording studio's parking lot. His friend, Carlos Pace—a passenger in Wine's car at the time of the shooting—testified that Wine, backing up, struck White's Cadillac. Pace and Wine examined the Cadillac, and, seeing no damage, offered to pay for damages anyway. Pace testified White and Wine did not have an argument, but the next "thing I know I heard a shot and saw Mr. Wine on the ground." Pace identified White as the shooter. He also testified that he, Wine, and White were the only persons there and that after the shooting White said nothing and drove away. Another friend of Wine's testified he was with Wine that night with two others, and none of them had a weapon. After this friend entered the studio, he heard a "bam," looked outside, and saw Wine on the ground. White then got into the Cadillac and drove away.

A witness across the street, Latonya Miller, testified she witnessed the shooting. She heard a "loud conversation." She saw a white Cadillac and two men: one facing away, the other facing her and holding up his hands. Miller then saw "fire" and one man fall. The other man got into the Cadillac and drove away. Miller recognized the Cadillac as White's and identified him as the man she saw in the parking lot. Another woman who knew White testified that he doesn't leave the house without a gun and had a .380 pistol around the time of the shooting. A single .380 bullet killed Wine. No gun was recovered.

The jury convicted White of first degree murder. On direct appeal, White argued that the state circuit court abused its discretion in admitting testimony about his possession of a .380-caliber pistol. The Arkansas Supreme Court affirmed. *See* ***White v. State***, 326 S.W.3d 421, 422 (Ark. 2009).

White timely petitioned for post-conviction relief under Rule 37 of the Arkansas Rules of Criminal Procedure. White alleged that counsel improperly failed

to raise the defense of justification, failed to properly prepare for trial, failed to competently prosecute a defense, and failed to allow him to testify in his own defense. According to White, he shot Wine in self defense: "Mr. Wine produced a gun and I grabbed him and we went to tussling and the gun went off and he got shot." Before trial, White told this to his attorney, Sharon Kiel. Kiel testified at the post-conviction hearing that she knew White wanted to testify and to pursue a justification defense. However, on the morning of trial, Kiel—without consulting White—decided to abandon justification and instead pursue a strategy to cast reasonable doubt on White's identity as the killer. This change of strategy prevented White from testifying. Kiel testified that preventing him from testifying was her decision alone. After the hearing, the state circuit court found that White should have been allowed to testify in his own defense but that his testimony would not have changed the trial's outcome.

A divided Arkansas Supreme Court affirmed the denial of post-conviction relief. *White v. State*, 426 S.W.3d 911, 915 (Ark. 2013). Applying *Strickland*, it found that White was wrongfully denied his right to testify and to pursue a justification defense. *Id.* at 912-13, *discussing Strickland v. Washington*, 466 U.S. 668 (1984). Yet, the court concluded that "had the defense of justification been pursued, and had White testified, there is no reasonable probability that the fact-finder would have reached a different outcome." *Id.* at 913.

White petitioned for habeas relief under 28 U.S.C. § 2254. Adopting the magistrate judge's recommendation,[1] the district court[2] dismissed the petition with prejudice and denied a certificate of appealability under 28 U.S.C. § 2253. *White v.*

[1]The Honorable Joe J. Volpe, United States Magistrate Judge for the Eastern District of Arkansas.

[2]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

***Hobbs***, 2014 WL 4955665, *1 (E.D. Ark. Oct. 2, 2014). This court granted a certificate of appealability on whether White can show prejudice under *Strickland* from counsel's last-minute change of trial strategy and failure to allow him to testify.[3]

## II.

This court reviews the district court's findings of fact for clear error and its conclusions of law de novo. ***Randolph v. Kemna***, 276 F.3d 401, 403 (8th Cir. 2002). "In the interests of finality and federalism, federal habeas courts are constrained by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) to exercise only a limited and deferential review of underlying state court decisions." ***Sera v. Norris***, 400 F.3d 538, 542 (8th Cir. 2005). This court affirms the Arkansas courts' denial of White's claims "unless their treatment of those claims 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court,' . . . or was 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *See* ***Buchheit v. Norris***, 459 F.3d 849, 852 (8th Cir. 2006), *quoting* **28 U.S.C. § 2254(d)(1), (2)**. "A federal habeas court may issue the writ under the 'contrary to' clause if the state court applies a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts." ***Bell v. Cone***, 535 U.S. 685, 694 (2002). "The court may grant relief under the 'unreasonable application' clause if the state court correctly identifies the governing legal principle . . . but unreasonably applies it to the facts of the particular case." ***Id.*** A court "may not grant relief simply because it concludes in its independent judgment that the

---

[3]White does not argue that the error in this case was structural, see *Neder v. United States*, 527 U.S. 1, 8 (1999), which would require a different approach to prejudice than that applied by the Arkansas courts in this case, and that issue is not before us. *See, e.g.,* ***Becht v. United States***, 403 F.3d 541, 546 (8th Cir. 2005); ***Shelton v. Mapes***, No. 15-1015, 2016 WL 1391764, at *6 (8th Cir. Apr. 8, 2016).

relevant state-court decision applied clearly established federal law erroneously or incorrectly," rather the application "must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). This court is bound by the facts as found by the state courts, absent clear and convincing evidence those findings were incorrect. *Buchheit*, 459 F.3d at 852, *citing* § 2254(e)(1).

The Arkansas Supreme Court applied the clearly established federal law: *Strickland v. Washington* and its two requirements. "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. "Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* The Arkansas Supreme Court correctly identifies these two requirements, then affirms the state circuit court's conclusion that White's counsel was deficient, though not prejudicially so. *White*, 426 S.W.3d at 912-13.

White asserts, on appeal, that the Arkansas courts unreasonably applied *Strickland* to the facts because his attorney's decision to change strategy (which prevented him from testifying about justification) prejudiced the outcome of the trial. White argues that his testimony would have explained to the jury why the shooting was justified under Arkansas law. Indeed, the state courts found that "White was wrongfully denied his right to testify and to pursue a justification defense." *Id.* The Arkansas Supreme Court, however, noted that "the circuit court did not find White's testimony credible" and "even if White had testified at trial, there was no reasonable probability that the outcome of the trial would have been different." *Id.* at 915. The Supreme Court explained that a "review of the record reveals that counsel's decision to keep White from testifying was based on her concern that he would make a poor witness, that he presented as poorly educated, and that he would have been vulnerable

-5-

under cross-examination," especially because he would likely "have been impeached with prior felonies, including one felony for firearm possession." *Id.* Because a gun was never found, the "impeachment testimony would have bolstered the State's case . . . . [and] would have undercut White's testimony that the victim was shot with his own gun after the two 'went to tussling and the gun went off.'" *Id.*

The Arkansas Supreme Court's application of *Strickland*'s second requirement is not unreasonable. *See **United States v. Mullins***, 315 F.3d 449, 455 (5th Cir. 2002) (holding that counsel "was deficient in preventing [petitioner] from testifying" but that petitioner "was not prejudiced"). Under *Strickland*, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. The question for this court is not whether "'the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable—a substantially higher standard.'" ***Knowles v. Mirzayance***, 556 U.S. 111, 123 (2009), *quoting **Schriro v. Landrigan***, 550 U.S. 465, 473 (2007). A state court "has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles*, 556 U.S. at 123. The Arkansas Supreme Court did not unreasonably apply *Strickland* to the facts of White's case.

\* \* \* \* \* \* \*

The judgment of the district court is affirmed.

_____