Cite as 2020 Ark. App. 445

# ARKANSAS COURT OF APPEALS

DIVISION I

**No.** CR–19–42

| | |
|---|---|
| | **Opinion Delivered** September 30, 2020 |
| TERRANCE BILLUPS | |
| APPELLANT | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. 04CR-15-1299] |
| V. | |
| STATE OF ARKANSAS | HONORABLE ROBIN F. GREEN, JUDGE |
| APPELLEE | |
| | AFFIRMED |

**BRANDON J. HARRISON, Judge**

This is the third time this case has come before us. Terrance Billups appeals the circuit court's denial of his petition for postconviction relief and its decision to do so without a hearing. We affirm the circuit court's order.

In September 2017, Billups pleaded guilty to one count of attempted capital murder and two counts of aggravated assault on a family or household member. He was sentenced to an aggregate term of twenty-five years' imprisonment with an additional fifteen years' suspended imposition of sentence. The circuit court entered its sentencing order on 17 October 2017.

Billups filed in the circuit court a pro se petition for postconviction relief under Ark. R. Crim. P. 37 (2018), claiming ineffective assistance of counsel and requesting an evidentiary hearing and a new trial. Under Ark. R. Crim. P. 37.2(c)(i), Billups's petition had to be filed within ninety days of the entry of judgment (in other words, by 15 January 2018). Billups's petition was file-marked on 24 January 2018, which was ninety-nine days after the sentencing

order was entered. Without convening a hearing, the circuit court denied Billups's petition on the merits on 25 June 2018. Billups filed a notice of appeal from this order on 27 August 2018.

In January 2019, Billups filed a motion for rule on clerk and for belated appeal with the Arkansas Supreme Court. In that motion, he explained that the Benton County circuit clerk had sent the order denying his petition to the wrong prison unit, which resulted in his untimely notice of appeal. On 30 May 2019, the supreme court granted Billups's motion for rule on clerk and for belated appeal and transferred the case to this court.

This court remanded for supplementation of the record and addendum because we were unable to confirm our jurisdiction.[1] Specifically, we ordered the circuit clerk to provide a supplemental record with a copy of the envelope in which Billups's Rule 37 petition was received, and if the clerk had failed to retain the envelope, we ordered the circuit court to hold a hearing to settle the record, to the extent possible, and enter an order that provides findings on the date that the petition was received by the clerk, the date of the postmark on the envelope, and the filing date of the petition. *Billups v. State*, 2019 Ark. App. 514. This information was necessary to determine the applicability of the prison mailbox rule found in Ark. R. Crim. P. 37.2(g).

The circuit clerk filed a supplemental record; however, the supplemental record failed to provide the information we requested. The requested envelope had not been included, nor had the circuit court held a hearing or made any findings concerning the date the petition was received by the clerk. Therefore, we once again remanded for the circuit clerk to provide a

---

[1]The supreme court's grant of a belated appeal stemmed from an untimely appeal of the circuit court's Rule 37 order. The jurisdictional question in this appeal, however, is whether Billups's Rule 37 petition was timely filed with the circuit court.

2

supplemental record with a copy of the envelope or, alternatively, for the circuit court to hold a hearing to settle the record, to the extent possible, and enter an order that provides findings concerning the date the petition was received by the clerk, the date of the postmark on the envelope, and the filing date of the petition. *Billups v. State*, 2020 Ark. App. 76.

The case returns to us now with a second supplemental record, which reveals that the circuit court conducted a hearing on 19 February 2020. Brittany Cadell, an employee of the Benton County circuit clerk's office, testified that the clerk's office received a letter, cover sheet, and Rule 37 petition from Billups on 27 December 2017. Billups's petition was not filed at that time, however, because he had included a civil cover sheet instead of a criminal cover sheet. Instead, Cadell returned the documents to Billups along with a letter explaining that he had included the incorrect cover sheet. Cadell also confirmed that Billups had filed another petition with the correct documentation, which was file-marked on 24 January 2018. This second supplemental record does not include the envelope that contained Billups's petition file-marked January 24, which would show the date that he deposited the petition into the prison's legal-mail system. That is the information we originally sought on remand.

However, given the information now provided in the second supplemental record, we hold that the circuit clerk erred in not accepting Billups's original filing. It is undisputed that the circuit clerk's office received Billups's Rule 37 petition on 27 December 2017. It is also undisputed that Billups included his petition and the required affidavit pursuant to Rule 37.1(c), and there is no cover-sheet requirement under the rule. Rule 37.1(d) indicates that the lack of an affidavit is the only basis for the circuit clerk to reject a petition. Thus, we hold that Billups's Rule 37 petition should be deemed filed as of 27 December 2017, rendering it timely under

Rule 37.2(c)(i). This result renders it unnecessary to discuss the prison mailbox rule and allows us to proceed to the merits of Billups's arguments on appeal.

We will reverse the circuit court's decision granting or denying postconviction relief only when that decision is clearly erroneous. *See Howard v. State*, 367 Ark. 18, 238 S.W.3d 24 (2006). A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Id.*

When a defendant pleads guilty, the only claims cognizable in a proceeding pursuant to Rule 37.1 are those that allege the plea was not made voluntarily and intelligently or was entered without effective assistance of counsel. *Jamett v. State*, 2010 Ark. 28, 358 S.W.3d 874. The appropriate standard of prejudice is whether, but for counsel's errors, there is a reasonable probability that the defendant would not have entered a guilty plea and thereby waived his right to a trial. *Jones v. State*, 355 Ark. 316, 136 S.W.3d 774 (2003). The burden is on appellant to provide facts to support his claims of prejudice. *Nelson v. State*, 344 Ark. 407, 39 S.W.3d 791 (2001) (per curiam). Allegations without factual substantiation are insufficient to overcome the presumption that counsel was effective. *Id.* Conclusory statements cannot be the basis of postconviction relief. *Jackson v. State*, 352 Ark. 359, 105 S.W.3d 352 (2003).

For his first point, Billups argues that his trial counsel was ineffective because he failed to inform Billups that he would be required to serve 100 percent of his sentence. Billups asserts, as he did below, that if he had known that requirement, he would not have accepted the plea offered by the State. The circuit court found that as part of his plea, Billups signed a "Defendant's Statement"; that in this document, Billups stated that he freely and voluntarily entered the plea and that he was satisfied with the advice and counsel of his attorney; that Billups

4

failed to show that his counsel made any positive misrepresentation regarding parole eligibility or the amount of time he would serve in the Arkansas Department of Correction; and that the Arkansas Supreme Court has held that defense counsel is not required to inform a client about parole eligibility.

On appeal, Billups again argues that he was not advised by counsel that he would serve 100 percent of his sentence and that if he had known, he would not have pleaded guilty. The State responds by citing case law that states there is "no constitutional requirement that defense counsel inform a client about parole eligibility before entry of a guilty plea, and any failure to impart such information does not fall outside the range of competence demanded of attorneys in criminal cases." *Buchheit v. State*, 339 Ark. 481, 486, 6 S.W.3d 109, 112 (1999). The State also notes the contents of the plea statement signed by Billups, which stated that he had been made no promises concerning parole and that he might not be granted parole. And finally, the State argues that Billups's conclusory allegation that he would not have pleaded guilty if he had known that he would serve 100 percent of his sentence did not demonstrate a reasonable probability that but for counsel's errors, he would not have pleaded guilty, considering that he was facing a potential term of life plus ninety years' imprisonment if he had been convicted of all charges in the information.[2] We agree that Billups has not demonstrated that but for counsel's alleged error, he would not have pleaded guilty. As noted above, conclusory statements cannot be the basis of postconviction relief. *Jackson*, *supra*.

---

[2]In addition to attempted capital murder and two counts of aggravated assault on a family or household member, Billups had been charged with first-degree battery and faced enhanced penalties for offenses committed in the presence of children and as a habitual offender.

Billups's second argument is that his trial counsel failed to provide and review discovery with him, thus preventing him from making an informed decision regarding the plea agreement. In his petition, he did not specify what discovery he was referring to or how it would have changed his decision. The circuit court found that because the judgment had been entered on a plea of guilty, the sole issue in postconviction proceedings is whether the plea was intelligently and voluntarily entered on advice from competent counsel, and Billups's contention that his trial counsel was ineffective for failing to provide him with a copy of the discovery materials does not demonstrate that his plea was not intelligently and voluntarily entered on advice of competent counsel (citing *Barber v. State*, 2014 Ark. 179). The circuit court also noted that Billups had agreed in his "Defendant's Statement" that his counsel had done everything possible to assist him and that he was satisfied with the advice given.

On appeal, Billups again argues that his trial counsel "did not provide him with discovery and did [not] investigate the amount of time the petitioner had to do on his sentence before influencing the petitioner to plead guilty." He cites *Lafler v. Cooper*, 566 U.S. 156 (2012), in support, but in that case the respondent went to trial rather than accept a plea deal, and it was conceded by the parties that this was the result of ineffective assistance during the plea-negotiation process. Thus, the only question in *Lafler* was how to apply *Strickland*'s prejudice test where ineffective assistance results in a rejection of the plea offer and the defendant is convicted at the ensuing trial.

In response, the State argues that Billups's argument is conclusory and fails to identify any particular items of discovery that his trial counsel failed to show him or review with him. The State also contends that Billups does not even argue that there was a reasonable probability that he would not have entered the guilty plea; instead, he asserts that he "would have been in

better mind to consider the plea bargain offered by the state." Finally, the State again notes the law that any contention that his trial counsel was ineffective for failing to provide him with a copy of the discovery materials does not demonstrate that his plea was not intelligently and voluntarily entered on advice of competent counsel. *Barber, supra*. We agree that Billups has failed to meet his burden of showing that given access to certain discovery materials, there was a reasonable probability he would not have entered the guilty plea.

Finally, Billups argues that his guilty-plea statement, which the circuit court relied on in denying his Rule 37 petition, is not sufficient to conclusively show that he is entitled to no relief without an evidentiary hearing. He asserts that testimony from his defense counsel is necessary. The State responds that a petitioner is not entitled to a hearing for postconviction relief under Rule 37 if the petition and the files and records of the case conclusively show the prisoner is entitled to no relief. *Morrison v. State*, 288 Ark. 636, 707 S.W.2d 323 (1986).

Rule 37.3 of the Arkansas Rules of Criminal Procedure provides that an evidentiary hearing should be held in a postconviction proceeding unless the files and record of the case conclusively show that the prisoner is entitled to no relief. *Sanders v. State*, 352 Ark. 16, 98 S.W.3d 35 (2003). When the circuit court concludes, without a hearing, that the petitioner is not entitled to relief, Rule 37.3(a) requires the circuit court to make written findings specifying the parts of the record that form the basis of the circuit court's decision. *Id*. If the circuit court fails to make such findings, it is reversible error, unless the record before this court conclusively shows that the petition is without merit. *Id*.

In this case, the circuit court cited Billups's "Defendant's Statement" several times in support of its ruling that the petition was without merit and that a hearing was not required.

7

We agree that the files and records in this case, and particularly the "Defendant's Statement," conclusively show that Billups is not entitled to relief and that no hearing was required.

Affirmed.

KLAPPENBACH and HIXSON, JJ., agree.

*Terrance Billups*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rachel Kemp*, Sr. Ass't Att'y Gen., for appellee.