Johnny Mark PROPST *v.* STATE of Arkansas

CR 96-633                                   983 S.W.2d 405

Supreme Court of Arkansas
Opinion delivered December 17, 1998

J.F. Atkinson, Jr., for appellant.

Winston Bryant, Att'y Gen., by: Kent G. Holt, Asst. Att'y Gen., for appellee.

P ER CURIAM. The appellant, Johnny Mark Propst, pleaded guilty to first-degree murder and was sentenced to forty years in the Arkansas Department of Correction. He subsequently filed a petition to withdraw his plea pursuant to Arkansas Criminal Procedure Rule 26.1. In the petition, Propst alleged that ineffective assistance of counsel prevented a knowing and intelligent waiver of his right to a jury trial. Specifically, Propst alleged that his attorney failed to make him aware, before he entered his plea, that he would have to serve seventy percent of his sentence before he would be eligible for parole. The Circuit Court treated Propst's petition as a request for relief under Arkan-

sas Criminal Procedure Rule 37 and denied relief. Propst now appeals that order. We affirm.

On appeal, Propst reiterates his ineffective-assistance-of-counsel argument. He argues that his plea was not voluntary and intelligent because his defense attorney failed to advise him of the existence of Act 1326, now codified at Ark. Code Ann. § 16-93-611 (Supp. 1997), which required that persons who are convicted of first-degree murder, among other serious felonies, serve seventy percent of their sentence before becoming eligible for parole. The Circuit Court denied relief on the basis that the conditions of parole did not play a part in Propst's decision to plead guilty.

■ The rule for evaluating ineffective-assistance-of-counsel claims in cases involving guilty pleas appears in *Hill v. Lockhart*, 474 U.S. 52 (1985). In that case, the Supreme Court held that the "cause and prejudice" test of *Strickland v. Washington*, 466 U.S. 668 (1984), applied to challenges to guilty pleas based on ineffective assistance of counsel. The Court further held that in order to show prejudice in the context of a guilty plea, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. at 59.

In *Hill v. Lockhart*, Hill filed a petition for *habeas corpus* in which he alleged that his guilty plea was not voluntary and intelligent because his attorney misinformed him about the length of time he would have to serve before becoming eligible for parole. Hill's attorney, and the court that accepted his plea, both informed Hill that he would have to serve one-third of his sentence before becoming eligible for parole. Hill was a "second offender" under Arkansas law, however, and was therefore actually required to serve one-half of his sentence before becoming eligible for parole.

The Supreme Court affirmed the denial of *habeas corpus* relief on the basis that Hill did not make the required showing of prejudice under *Strickland v. Washington, supra*. Consequently, the Court did not make any finding as to whether Hill's counsel, by misinforming him about his parole eligibility, rendered deficient performance.

■ In the year following the Supreme Court's decision in *Hill v. Lockhart*, we had the opportunity to address the issue of counsel's performance in parole eligibility matters in *Haywood v. State*, 288 Ark. 266, 704 S.W.2d 168 (1986). In that case, we noted, as the Supreme Court did in *Hill v. Lockhart*, that the Constitution does not require the State to furnish the defendant with information about parole eligibility in order for the defendant's plea of guilty to be voluntary. From this premise, we reasoned that a counsel's erroneous advice on parole eligibility does not automatically render a plea involuntary. *Haywood v. State*, 288 Ark. at 266.

After our decision in *Haywood*, the United States Court of Appeals, Eighth Circuit, had the opportunity to decide the issue left open by the Supreme Court's opinion in *Hill v. Lockhart*. Hill filed a second *habeas* petition in which he made a showing of prejudice as required by the Supreme Court opinion. The Court of Appeals, consequently, had to address the issue of the adequacy of his attorney's performance. The Court held that the advice that Hill received from his attorney about the decision to plead guilty was not within the range of competence demanded of attorneys in criminal cases. *Hill v. Lockhart*, 894 F.2d 1009, 1010 (8th Cir. 1990), *cert. denied*, 497 U.S. 1011 (1990).

The Court of Appeals emphasized, however, that not every case will result in a finding of deficient performance. The Court pointed out that in Hill's case, there was a reasonable probability that the result of the plea process would have been different but for the erroneous information:

> Not only had Hill explicitly asked his counsel about the parole system in Arkansas, but he had made clear that the timing of eligibility was the dispositive issue for him in accepting or rejecting a plea bargain. He told his attorney that he considered it no bargain to forego a trial unless his eligibility would be sooner than seven years, which he understood to be the time he could serve with commutation of a life sentence . . . . Given the attorney's knowledge of his client's particular concern, a failure to check the applicable law was especially incompatible with the objective standard of reasonable representation in *Strickland* . . . .

> [H]ere the misadvice was of a solid nature, directly affecting Hill's decision to plead guilty.

*Hill v. Lockhart*, 894 F.2d at 1010.

In later cases, the Court of Appeals reiterated the narrowness of the *Hill* decision. "The holding in *Hill*. . . was narrow, and rested primarily on the district court's finding that petitioner pleaded guilty as a direct consequence of his counsel's erroneous advice and that, but for this advice, the outcome of the plea process would have been different." *Hale v. Lockhart*, 903 F.2d 545 (8th Cir. 1990).

■ We think the decisions of the Eighth Circuit are consistent with our reasoning in *Haywood*: that erroneous advice on parole eligibility does not automatically render a guilty plea involuntary. The Eighth Circuit's opinion in *Hill v. Lockhart*, as well as its subsequent opinions, stand for the notion that an attorney's erroneous advice about parole eligibility would be the basis for a finding of ineffective assistance of counsel only when it is clear that the defendant's parole eligibility, from the defendant's point of view, was the "basis of the bargain" with the State.

In the instant case, it is clear that Propst's decision to plead guilty did not depend on his parole eligibility. During the postconviction hearing, Propst testified that the State made a plea offer of forty years' imprisonment in exchange for a plea of guilty. Propst also testified that the prosecutor who made the plea offer informed him that, based on additional evidence that had been obtained, capital murder charges would be filed if Propst did not plead guilty to first-degree murder. Propst stated that his attorney never told him how much time he would serve, and that "I never asked him; at the time I was happy to get that under the circumstances." On cross-examination, Propst further admitted that he did not discuss parole with his attorney.

Propst argues that he thought that he would become eligible for parole in eight to ten years, and that his attorney should have told him about the existence of Act 1326 in order to dispel that impression. In other words, Propst asserts that if his attorney had volunteered accurate information about his parole .eligibility, he

would have declined the opportunity to plead guilty and would have insisted on a trial.

 We think this case is a far cry from *Hill v. Lockhart*, 894 F.2d 1009 (8th Cir. 1990), and its progeny. It is clear that Propst's decision to plead guilty was motivated by the likelihood that additional evidence would lead to the filing of a capital murder charge. Furthermore, Propst never discussed his parole eligibility with his attorney, and therefore, counsel never had the opportunity to inform, or misinform, Propst about his eligibility for parole. For all of these reasons, we cannot say that the Circuit Court's denial of relief was clearly erroneous. *Catlett v. State*, 331 Ark. 270, 962 S.W.2d 313 (1998).

Affirmed.