SLIP OPINION

Cite as 2015 Ark. 147

# SUPREME COURT OF ARKANSAS

No. CR-14-49

| CODY LEE MARTIN | | **Opinion Delivered** April 9, 2015 |
| | APPELLANT | |
| | | APPEAL FROM THE OUACHITA |
| V. | | COUNTY CIRCUIT COURT |
| | | [NO. CR-12-160] |
| STATE OF ARKANSAS | | HONORABLE EDWIN KEATON, |
| | APPELLEE | JUDGE |
| | | AFFIRMED. |

**COURTNEY HUDSON GOODSON, Associate Justice**

Appellant Cody Lee Martin appeals the order entered by the Ouachita County Circuit Court denying his motion to set aside his plea of nolo contendere to a single count of sexual assault in the first degree. For reversal, Martin contends that the circuit court erred and abused its discretion by not permitting him to withdraw his plea. We affirm the circuit court's decision.

By an amended felony information, the prosecuting attorney of Ouachita County charged Martin with three counts of sexual assault in the first degree, a violation of Arkansas Code Annotated section 5-14-124(a)(1)(C) (Repl. 2013). Pursuant to the referenced statute, a person commits this offense if the person engages in sexual intercourse or deviate sexual activity with a minor who is not the actor's spouse and the actor is a person in a position of trust or authority over the victim. Ark. Code Ann. § 5-14-124 (a)(1)(C). According to the probable-cause affidavit, Martin, an agriculture teacher at Camden Fairview High School,

SLIP OPINION

engaged in an ongoing sexual relationship with a student, which began when the victim was fourteen years old. During the course of the proceedings, the prosecution filed a motion stating its intent to introduce evidence of Martin's prior sexual advances toward other underage females pursuant to Rule 404(b) of the Arkansas Rules of Evidence.

After several continuances, the circuit court scheduled a trial date for May 21, 2013. As a result of negotiations, the parties entered into a plea agreement filed on May 17, 2013. In it, while maintaining his innocence of the charges, Martin agreed to enter an *Alford* plea[1] to one count of sexual assault in the first degree, and in exchange, the prosecution agreed to recommend a sentence of eight years in prison and to dismiss the remaining two counts of first-degree sexual assault. At the plea hearing held on May 17, 2013, defense counsel stated that he had advised Martin that each offense carried a maximum sentence of thirty years in prison. Counsel explained that, although Martin did not admit guilt, Martin had agreed that, given the strength of the State's evidence, it was in his best interest to enter an *Alford* plea to one count of first-degree sexual assault, as opposed to taking the risk of a jury finding him guilty of all three counts and of his receiving a sentence greater than the recommended eight-year term of imprisonment. After the circuit court expressed the opinion that an *Alford* plea entails entering a guilty plea, the following exchange occurred between the court and defense

---

[1]Under the Supreme Court's decision in *North Carolina v. Alford*, 400 U.S. 25 (1970), a court may accept a guilty plea from a defendant who maintains his innocence, provided the court finds an adequate factual basis for the plea of guilty. *Davis v. State*, 366 Ark. 401, 235 S.W.3d 902 (2006). "Typically, a criminal defendant will utilize an *Alford* plea when he 'intelligently concludes that his interests require entry of a guilty plea' in light of strong evidence of actual guilt with the intention of limiting the penalty to be imposed." *Id*. at 402, 235 S.W.3d at 903 (quoting *Alford*, 400 U.S. at 37–38).

counsel:

> THE COURT: But the plea has to be guilty pursuant to *Alford*, rather than run the risk of taking it to trial. *Alford* is a guilty plea.
>
> I mean what he's saying under *Alford* is a person will decide to plead guilty and take the plea agreement rather than run the risk of going to trial where he could face greater penalties. The Court doesn't have to ask him to say what he did. The State will offer that version of proof. But it's actually a guilty plea.
>
> DEFENSE COUNSEL: Your Honor, our agreement was that he would not be required to admit that he committed sexual assault in the first degree. Now whether that's under *Alford* or a no contest, that doesn't really matter. But what he's not prepared to do is to admit that he committed the offense of sexual assault in the first degree.
>
> He's willing to accept the fact that the State has sufficient evidence from which the jury could make that finding, and rather than undertake that risk— and I've already said all of this— he thinks that this is in his best interest.
>
> THE COURT: The Court understands, but I'm just saying – –
>
> DEFENSE COUNSEL: Your Honor, Mr. Smart advises me that the State would have no objection to a nolo contendere, no contest plea. And that would be satisfactory with Mr. Martin, provided he's not required to admit that he committed the offense of sexual assault.
>
> THE COURT: Well, no contest, he doesn't have to say anything.
>
> DEFENSE COUNSEL: Okay. Then he'll enter his plea of nolo contendere, and we'll withdraw the request that the plea be entered under *North Carolina v. Alford*.
>
> And, Your Honor, what I'm telling him is that he will not be required to admit his guilt to that particular offense.
>
> THE COURT: He will not be required to offer a factual basis for the plea.
>
> DEFENSE COUNSEL: Okay, do you understand that, Cody?
>
> MR. MARTIN: Yes, sir, I understand that.

Cite as 2015 Ark. 147

Accordingly, Martin pled nolo contendere[2] to a single count of sexual assault in the first degree. After the prosecution presented the factual basis for the plea, the circuit court accepted the plea and pronounced a sentence of eight years in prison.

On May 23, 2013, through different counsel, Martin filed a motion to withdraw the plea of nolo contendere pursuant to Rule 26.1 of the Arkansas Rules of Criminal Procedure. In this motion, Martin asserted that he had steadfastly maintained his innocence and that he had learned that, in order to be eligible for parole, he must complete the Reduction of Sexual Victimization Program (RSVP) which requires him to admit his guilt of the crime. On June 6, 2013, the circuit court entered a sentencing order reflecting the plea of nolo contendere to the offense of first-degree sexual assault and a term of eight years' imprisonment. The order also reflects the dismissal of two counts of sexual assault in the first degree.

On September 9, 2013, the circuit court conducted a hearing on the motion to withdraw the plea. At the hearing, Martin clarified that his grounds for withdrawing the plea were that he had received ineffective assistance of counsel and that he did not voluntarily enter the nolo contendere plea. In this regard, Martin testified that he was told that he would serve no longer than two years in prison and that at present his parole date exceeded that period of time. He also stated that his attorney did not advise him about the RSVP. Martin testified that his nolo contendere plea made him ineligible for the program and that he would

---

[2]A plea of nolo contendere is one by which the defendant does not contest or admit guilt. *Black's Law Dictionary* 1269 (9th ed. 2009). *See also Patterson v. Odell*, 322 Ark. 394, 909 S.W.2d 648 (1995) (describing the plea as one that may be entered with leave of court to a criminal indictment by which the defendant does not admit or deny the charges, though a fine or sentence may be imposed pursuant to it).

SLIP OPINION

not be paroled without completing the program. In addition, Martin testified that he considered taking the plea and a sentence of eight years to avoid the risk of a greater sentence and that he also accepted the plea agreement because of financial concerns and the desire "not to humiliate my family any further."

At the conclusion of the hearing, the circuit court found that Martin's complaints concerned parole eligibility and thus the "collateral effects" of the plea. Further, the court found that withdrawing the plea was not necessary to correct a manifest injustice. Martin appeals the circuit court's order denying the motion to withdraw his plea.

As his argument on appeal, Martin contends that the circuit court erred in concluding that his complaints about parole eligibility were "collateral effects" of his plea that do not warrant relief. He argues that his counsel erroneously advised him that he would be paroled in two years; that his counsel did not inform him about the RSVP; and that his parole eligibility hinged on his admission of guilt and the completion of the program. Martin asserts that, under these circumstances, the circuit court erred in finding that he was not denied effective assistance of counsel and that his plea was voluntarily entered.

At the outset, we note that Martin timely filed the motion to withdraw his plea pursuant to Rule 26.1 and that the circuit court properly considered the motion under this rule. *See Dockery v. State*, 2012 Ark. 109 (per curiam) (holding that, because the motion to withdraw was filed before the commitment order was entered, the circuit court erred in ruling that it lacked jurisdiction to consider a motion to withdraw pursuant to Rule 26.1 after the entry of the commitment order). When a motion to withdraw a plea of guilty or nolo

contendere is filed after a circuit court's acceptance of the plea but before the entry of judgment, the circuit court has the discretion to grant the motion to correct a manifest injustice. Ark. R. Crim. P. 26.1 (a). As relevant here, withdrawal of a guilty plea or a plea of nolo contendere is deemed necessary to correct a manifest injustice if the defendant proves to the satisfaction of the circuit court that he was denied effective assistance of counsel or that the plea was involuntary. Ark. R. Crim. P. 26.1(b)(i) & (iii).

To withdraw a plea under Rule 26.1, there is no distinction made between pleas of guilty and nolo contendere. *Scott v. State*, 2012 Ark. 159 (per curiam); *Seaton v. State*, 324 Ark. 236, 920 S.W.2d 13 (1996) (per curiam). Claims of ineffective assistance of counsel made pursuant to Rule 26.1 are governed by the two-part test established in *Strickland v. Washington*, 466 U.S. 668 (1984). *Duncan v. State*, 304 Ark. 311, 802 S.W.2d 917 (1991) (per curiam) (citing *Hill v. Lockhart*, 474 U.S. 52 (1985)). Under this test, the defendant must show that counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* In order to satisfy the second requirement of demonstrating prejudice, the defendant must show that there is a reasonable probability that, but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial. *Id.*

Supreme Court precedent establishes that a guilty plea "not only must be voluntary," but it must also be a knowing, intelligent act "done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970).

However, the accused need only be informed of the "direct consequences" of the guilty plea. *Id*. at 755. It is not necessary to inform the defendant of all the indirect or collateral consequences of the plea. *George v. Black*, 732 F.2d 108 (8th Cir. 1984); *United States v. Lambros*, 544 F.2d 962 (8th Cir. 1976). The distinction between "direct" and "collateral" consequences turns on "whether the result represents a definite, immediate and largely automatic effect on the range of the defendant's punishment." *Lambros*, 544 F.2d at 966.

Consistent with these principles, we have observed that the United States Constitution does not require a defendant to be furnished with information about parole eligibility in order for the defendant's plea to be voluntary, and erroneous advice on parole eligibility does not automatically render a plea involuntary. *Haywood v. State*, 288 Ark. 266, 704 S.W.2d 168 (1986) (citing *Hill*, *supra*). In the context of cases involving legal advice regarding a defendant's eligibility for parole, we have distinguished between cases in which no advice about parole is given and those in which positive representations directly resulted in the defendant's acceptance of the plea bargain. *Riddle v. State*, 2015 Ark. 72. We have held that there is no constitutional requirement for defense counsel to inform his or her client about parole eligibility and that the failure to impart such information does not fall outside the range of competence demanded of attorneys in criminal cases. *Id*. On the other hand, where an attorney provides incorrect advice "of a solid nature, directly affecting [a defendant's] decision to plead guilty," we have recognized that such positive representations may amount to ineffective assistance of counsel. *Buchheit v. State*, 339 Ark. 481, 485, 6 S.W.3d 109, 112 (1999) (quoting *Hill v. Lockhart*, 894 F.2d 1009, 1010 (8th Cir. 1990)). An attorney's

erroneous advice about parole eligibility will support a finding of ineffective assistance of counsel when it is clear that the defendant's parole eligibility was the "basis of the bargain" with the State. *Probst v. State*, 335 Ark. 448, 452, 983 S.W.2d 405, 407 (1998) (per curiam).

In the instant case, Martin has failed to demonstrate that the withdrawal of his plea is necessary to avoid a manifest injustice. Neither in his petition nor his testimony at the hearing did Martin state that he would have insisted on going to trial had his counsel adequately and accurately informed him of the consequences of his plea. On the contrary, Martin's testimony indicates that he was motivated to accept the plea to avoid the risk of receiving a greater sentence at trial and out of financial concerns and the best interests of his family. Accordingly, we find no abuse of discretion in the circuit court's denial of Martin's motion to withdraw his plea of nolo contendere. *Probst*, *supra* (finding no error when the decision to plead guilty was motivated by the likelihood that additional evidence would lead to the filing of a capital–murder charge); *Haywood*, *supra* (holding that the prejudice requirement of *Strickland* was not satisfied where the appellant did not allege that he would have insisted on going to trial).

Affirmed.

*Hurst, Morrissey & Hurst, PLLC*, by: *Q. Byrum Hurst, Jr.*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.