Cite as 2020 Ark. App. 183

# ARKANSAS COURT OF APPEALS

DIVISION I

No. CR-19-559

| | | |
|---|---|---|
| | | **OPINION DELIVERED: MARCH 18, 2020** |
| MICHAEL T. FOGLE | APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIRST DIVISION [NO. 60CR-18-4424] |
| V. | | HONORABLE LEON JOHNSON, JUDGE |
| STATE OF ARKANSAS | APPELLEE | AFFIRMED |

**ROBERT J. GLADWIN, Judge**

Michael Fogle appeals his conviction by the Pulaski County Circuit Court on a charge of possession of a controlled substance, Schedule I or Schedule II, methamphetamine, with an aggregate weight of less than two grams in violation of Arkansas Code Annotated section 5-64-419(b)(1)(A) (Repl. 2016). He argues that the circuit court abused its discretion in denying his motion to withdraw his plea of guilty because there was no "meeting of the minds" regarding the meaning of "concurrent sentences." We affirm.

I. *Facts and Procedural History*

On November 19, 2018, the State filed a single-count felony information alleging that on or about August 17, 2018, Fogle committed the Class D felony of possession—less

than two grams of methamphetamine. In the information, the State also alleged that Fogle was a habitual offender with four or more prior felony convictions.

On February 28, 2019, Fogle, with the assistance of counsel, executed a guilty-plea statement. In this statement, Fogle acknowledged that he understood (1) the charge against him; (2) he faced a maximum sentence of imprisonment of fifteen years and a maximum fine of $10,000; (3) no one had made promises regarding parole eligibility, earning of meritorious good time, early release, or anything of that nature; and (4) he waived the right to a jury trial. The same day, under the terms of the negotiated plea, and pursuant to Fogle's acknowledgement that he had executed and was aware of everything stated in the guilty-plea statement, Fogle agreed to plead guilty in exchange for the State's recommendation that the circuit court sentence him to four years' imprisonment to be served concurrently with the felony sentence he was serving in *State v. Fogle*, No. 43CR-16-108 (Lonoke Cty. Cir. Ct.). The circuit court accepted Fogle's plea and sentenced him to four years' imprisonment concurrent with the Lonoke County case.

On March 12, before the written judgment was entered, Fogle, again with the assistance of counsel, filed a petition to withdraw his guilty plea pursuant to Arkansas Rule of Criminal Procedure 26.1 (2019). In pertinent part, his motion states:

1. In the present case, the Defendant was charged with Possession of Methamphetamine.

2. Defendant entered into a negotiated plea on said charge February 28, 2019. Pursuant to said plea, Defendant received a sentence of 4 years in the Arkansas Department of Correction to be run concurrently with a sentence out of another jurisdiction.

2

3. Pursuant to Arkansas Rule of Criminal Procedure 26.1, the Defendant requests that the Court allow the withdrawal of this guilty plea.

4. The Defendant argues that his decision to enter the plea was based on a misunderstanding in how the concurrent negotiated sentence accepted would be applied to the sentence received out of another jurisdiction.

5. The Judgment and Commitment Order for the present case has not yet been filed in the Pulaski County Circuit Clerk's Office.

On March 25, a hearing was held on Fogle's motion to withdraw his guilty plea.

Counsel presented the following argument, and the circuit court ruled as follows:

DEFENSE COUNSEL: This is a matter that I asked to be placed on the docket. The reason why is [the prospective] motion by the defense to withdraw a prior guilty plea. I have good faith basis for this. On February the 28th, Mr. Fogle entered into a negotiated plea for four years ADC to be running concurrent with an identical sentence out of Lonoke. In talking to Mr. and Mrs. Fogle at plea and arraignment, initially the request was for the matter—we work[ed] out a negotiated agreement, that it be ran concurrent with Lonoke, the sentence that he received there. I talked to the State, they did agree to that. We worked out the four-year ADC sentence concurrent with—to the case in Lonoke. Prior to just being called up, Mr. Fogle informed me, "Well, I'm being released on my Lonoke County case. Is this going to extend my time?" I said I got it—ran it concurrent with that sentence, the sentence out of our court. The plea was entered. It was accepted by the Court. Since that time, Mr. Fogle has called me and it's become clear that he has equated the term concurrent to mean backdate, running something nunc pro tunc. I had conversations with Mr. Fogle about that, how "concurrent" means to run something at the same time as, but not to take it back in time to the starting of another case. Mr. Fogle says he would not have accepted that offer if that was the case and has adamantly called asking that I file a

motion to withdraw his plea. That motion was filed by the defense, the judgment and commitment has not been filed yet.

THE COURT:    State?

DEFENSE COUNSEL:    I checked Court Connect this morning. I did not see a judgment and commitment from the prosecutor.

THE COURT:    What's your response?

THE STATE:    If one has not been filed, the State would still object to withdrawing a plea based on the fact that there was no manifest injustice here that would allow the plea to be withdrawn. He got the sentence that he contemplated. It was not involuntarily entered in any way. He initialed the plea agreement form and he was never promised credit for good time in the other case, so I don't believe he'd have a reason to believe that [the] parole in that case would apply to this new one.

THE COURT:    So, what's the manifest injustice?

DEFENSE COUNSEL:    This is a situation of the defendant making the incorrect assumption of the meaning of a common term used in the court system, that's "concurrent." The manifest injustice, I would say, is just one that is personal to the defendant in that he just finished a four-year sentence and now he has to begin a new one. That is the injustice on the defense's side.

THE COURT:    Okay. I don't see that as an injustice. I mean, it just happens. Just like somebody says, "I didn't get time for"—because I get motions all the time. "I didn't get jail credit, or it should have counted." As we all tell them, they are going to have to either—you can't promise parole. You can't promise when it's going to run. And if the cases run, we don't know. They don't—sometimes they even run them together. So, I don't see anything, so that motion to deny—to revoke the—is going to be denied.

4

DEFENSE COUNSEL:          To withdraw the guilty plea.

THE COURT:               Yes, to withdraw it.

## II. *Standard of Review and Applicable Law*

A circuit court, in the exercise of its discretion, may allow a defendant to withdraw his guilty plea, before the entry of judgment, to correct a manifest injustice. *E.g., Martin v. State*, 2015 Ark. 147, at 6, 460 S.W.3d 289, 293. Arkansas Rule of Criminal Procedure 26.1(a) provides that "[a] defendant may withdraw his or her plea of guilty or nolo contendere as a matter of right before it has been accepted by the court." However, after the plea is accepted by the court but before the written judgment is entered, a defendant may not withdraw the plea as a matter of right. *Id.* In that circumstance, "the court in its discretion may allow the defendant to withdraw his or her plea to correct a manifest injustice[.]" *Id.* Circumstances that constitute "manifest injustice" are illustrated in subsection (b) of the rule, which provides:

> Withdrawal of a plea of guilty or nolo contendere shall be deemed to be necessary to correct a manifest injustice if the defendant proves to the satisfaction of the court that: (i) he or she was denied effective assistance of counsel; (ii) the plea was not entered or ratified by the defendant or the person authorized to do so in his or her behalf; (iii) the plea was involuntary, or was entered without knowledge of the charge or that the sentence imposed could be imposed; (iv) he did not receive the charge or sentence concessions contemplated by a plea agreement and the prosecuting attorney failed to seek or not to oppose the concessions as promised in the plea agreement; or (v) he did not receive the charge or sentence concessions contemplated by a plea agreement in which the trial court had indicated its concurrence and the defendant did not affirm the plea after receiving advice that the court had withdrawn its indicated concurrence and after an opportunity to either affirm or withdraw the plea.

When reviewing a circuit court's denial of a motion to withdraw a guilty plea, this court will affirm absent an abuse of discretion. *Lee v. State*, 2018 Ark. App. 116, at 5, 544 S.W.3d 71, 75. Pursuant to Rule 26.1(b)(iii), the withdrawal of a guilty plea shall be deemed necessary to correct a manifest injustice if the guilty plea was entered without the defendant's knowledge "that the sentence imposed could be imposed." Fogle bears the burden of showing to the satisfaction of the circuit court that manifest injustice would result unless it sets aside the plea. *See id.*, at 5–6, 544 S.W.3d at 75; *Folk v. State*, 96 Ark. App. 73, 77, 238 S.W.3d 640, 642 (2006).

In Arkansas, guilty-plea agreements are interpreted pursuant to the general principles of contract law. *Jamett v. State*, 2010 Ark. 28, at 6, 358 S.W.3d 874, 878. In order for a contract to exist, the parties must have made objective manifestations of mutual assent for the formation of the contract. *Hagans v. Haines*, 64 Ark. App. 158, 164, 984 S.W.2d 41, 44 (1998); *Shea v. Riley*, 59 Ark. App. 203, 203, 954 S.W.2d 951, 953 (1997). Ambiguities in a guilty-plea agreement are construed against the government. *United States v. Harvey*, 791 F.2d 294, 300–01 (4th Cir. 1986). Ambiguity in an essential term of a guilty-plea agreement can invalidate a guilty plea. *U.S. v. Barnes*, 83 F.3d 934, 938 (7th Cir. 1996).

### III. *Discussion*

Fogle argues that the circuit court abused its discretion in denying his motion to withdraw his guilty plea because there was no meeting of the minds regarding the meaning of concurrent sentences. Fogle's understanding was that his four-year Pulaski County sentence of imprisonment would be satisfied entirely by his serving the four-year Lonoke

6

County sentence of imprisonment; therefore, he believed he would not serve any additional time on the four-year Pulaski County prison sentence. Subsequent to entering his guilty plea, Fogle discovered that his assumption was incorrect because, despite being granted parole in the Lonoke County case, he was required to serve the four-year sentence in this case.

There is no merit to Fogle's argument that Rule 26.1(b)(iii) is applicable because he entered the guilty plea without knowledge that a sentence greater than that imposed in the Lonoke County case could be imposed. Fogle executed the guilty-plea statement in which he affirmed that no one had made promises regarding parole eligibility, earning of meritorious good time, early release, or anything of that nature. At the hearing on his Rule 26.1 petition, his counsel stated that Fogle made an incorrect assumption as to the meaning of the term concurrent sentences. The State reiterated to the circuit court that Fogle was never promised "good-time credit" in this case for good-time credit earned in the Lonoke County case. The State recommended that Fogle serve the four-year term concurrent with his sentence in the Lonoke County case, as promised, and the circuit court concurred. Accordingly, Fogle received the sentence contemplated by the plea agreement.

Moreover, our supreme court has held that the voluntariness of a guilty plea is not undermined by a lack of explanation as to the mechanics of the parole system. *See, e.g.,* *Martin*, 2015 Ark. 147, at 6–7, 460 S.W.3d at 293–94. There is no requirement that a defendant be informed regarding parole eligibility because it is a collateral consequence of

7

the plea, and "the accused need only be informed of the 'direct consequences' of the guilty plea." *Id.* at 7, 460 S.W.3d at 293.

Fogle argues that he would not have accepted the State's offer had he accurately understood the nature of the concurrent sentences; however, he does not allege that either the State or defense counsel provided incorrect advice as to parole eligibility, which was the basis of the bargain. *See id.* at 7–8, 460 S.W.3d at 294 (recognizing that incorrect advice regarding parole eligibility, "of a solid nature," that directly affects a defendant's decision to plead guilty may result in a manifest injustice).

We hold that there was no manifest injustice requiring the withdrawal of the guilty plea because Fogle was never promised good-time credit in this case good-time credit he earned in the Lonoke County case. Because Fogle voluntarily entered into and received the sentence contemplated under the plea agreement, the circuit court correctly concluded that his complaints concerned his eligibility for parole; accordingly, the withdrawal of the plea was not necessary to correct a manifest injustice, and the circuit court did not abuse its discretion by denying Fogle's motion to withdraw his guilty plea.

Affirmed.

SWITZER and MURPHY, JJ., agree.

*William R. Simpson, Jr.*, Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.