Cite as 2026 Ark. App. 203

# ARKANSAS COURT OF APPEALS
## DIVISION I
### No. CR-25-226

| | | |
|---|---|---|
| ADAM LEE MASKELL | | Opinion Delivered April 1, 2026 |
| | APPELLANT | APPEAL FROM THE BRADLEY COUNTY CIRCUIT COURT [NO. 06CR-22-25] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE QUINCEY ROSS, JUDGE |
| | APPELLEE | AFFIRMED |

**CASEY R. TUCKER, Judge**

Adam Maskell (Maskell) appeals from a negotiated plea to a Class B felony possession of a firearm by certain persons and the sentence of five years' imprisonment as a habitual offender. Maskell raises seven points on appeal. Maskell's first two arguments on appeal ask this court to hold that Judge Puryear had no jurisdiction to sign an amended order of recusal; accordingly, Judge Ross, who was appointed upon Judge Puryear's recusal, should have recused himself because he was appointed by an order entered without jurisdiction. Third, Maskell argues that Judge Ross abused his discretion by refusing to recuse himself because he was biased against Maskell. Maskell next argues that the trial court abused its discretion by not holding an evidentiary hearing on his motion to withdraw plea and by denying his motion to withdraw plea. Finally, he argues he was denied his right to allocution and that

the judge who signed his sentencing order had no jurisdiction to do so. Finding no error, we affirm.

On May 25, 2022, officers discovered a firearm on Maskell's person when he was stopped and frisked near the residence of Patrick Smith, whom Maskell had reportedly threatened that day. Maskell was charged in the Bradley County Circuit Court, and Judge Crews Puryear was assigned to Maskell's case. Maskell, a self-claimed paralegal, was allowed to proceed pro se when he was arraigned on August 15, 2022. Maskell first confirmed that he understood the possible punishment for his charges, including Class B felony possession of a firearm by certain persons as a habitual offender.

At a pretrial hearing on April 10, 2023, Maskell informed the court that he had filed a writ of mandamus and a writ of prohibition and/or a stay of proceedings alleging that Judge Puryear had tampered with evidence and aided in suppressing exculpatory evidence. The Arkansas Supreme Court denied Maskell's petitions in a formal order dated October 28, 2022. Judge Puryear addressed Maskell's allegations that he had been impartial toward Maskell.

On April 21, 2023, Maskell filed a pro se motion seeking the disqualification of Judge Puryear. In this motion, Maskell alleged, as he had done in his petition to the Arkansas Supreme Court, that Judge Puryear received hand signals from the public defender that led to rulings against Maskell in a suppression hearing. He made several other allegations, such as witness tampering and impartiality by Judge Puryear. In the motion, he also stated that he had reported Judge Puryear for judicial misconduct. When this recusal motion was addressed

2

on May 22, 2023, Judge Puryear reiterated that he did not harbor any bias or hold any interest in the outcome, but he voluntarily recused himself.

On May 22, 2023, Judge Puryear entered an order of recusal transferring the case in accordance with Ark. Sup. Ct. Admin. Order No. 16. On July 21, Judge Puryear issued an amended order for recusal that "corrected" the previous order and stated that the case would not be reassigned under Administrative Order No. 16 but rather directed the circuit clerk "to transfer this matter as per the Tenth Judicial District Administrative Plan to Division 4." The case was then reassigned to Bradley County Circuit Court Judge Quincy Ross.

On September 19, Maskell filed a motion seeking Judge Ross's recusal alleging, in part, that he lacked jurisdiction because the case was transferred in noncompliance with the reassignment process set forth under Admin. Order No. 16. He also alleged that Judge Puryear had engaged in fraud and "handpicked" Judge Ross, which warranted his recusal or disqualification. He also questioned Judge Ross's impartiality because Judge Ross and Judge Puryear had been photographed together. At a pretrial hearing on October 2, Maskell reiterated his claim regarding Judge Puryear's alleged noncompliance with Administrative Order No. 16. At that same hearing, Maskell informed the court that he had filed a coram nobis petition due to the transfer of his case to Judge Ross. Judge Ross then continued the matter until the coram nobis petition was addressed by the Arkansas Supreme Court. The supreme court denied this petition on January 22, 2024.

After that denial, Judge Ross addressed Maskell's recusal motion and denied it on February 8.[1] In denying Maskell's motion, Judge Ross explained that he would have been assigned to Maskell's case under Admin. Order No. 16 because he was the only other judge who handled criminal matters in the Bradley County Circuit Court under the Tenth Judicial District Administrative Plan. Judge Ross also rejected Maskell's claim that photographs of Judges Puryear and Ross together created an appearance of impropriety warranting his disqualification.

Maskell filed an interlocutory notice of appeal of Judge Ross's order denying his motion to recuse. Judge Ross entered an order on March 12 resetting the pretrial hearing and jury trial due to the pending interlocutory appeal.

On April 10, before the interlocutory appeal had been decided, Judge Ross held a Zoom hearing at which Maskell stated that he had reported Judge Ross and his ex-wife for lying to the police about an alleged shooting incident. Judge Ross scheduled another hearing for April 22 to discuss whether Maskell would be able to proceed and represent himself at the jury trial.

At a hearing held on June 10, Maskell pleaded guilty to Class B felony possession of a firearm by certain persons as a habitual offender. Upon questioning by the court, Maskell stated that he understood the range of punishments for his crime. Maskell also confirmed that it was his voluntary decision to plead guilty and that his judgment was not impaired by

---

[1]The written order denying the recusal motion was filed on February 15, 2024.

4

any drugs, alcohol, or medications at that time. After he provided a detailed account of his crime, the court accepted Maskell's guilty plea and accepted the negotiated sentence of five years. At Maskell's request, the court postponed the imposition of the sentence until July 29 so that he could work and take care of his family.

On July 2, 2024, Maskell filed a motion to withdraw his plea before entry of judgment pursuant Ark. R. Crim. P. 26.1. In this motion, Maskell asserted that withdrawal of his plea was necessary because (1) his plea had been coerced by Judge Ross; (2) it was the result of ineffective assistance of counsel; and (3) he was "under the influence" of Gabapentin and Trazodone at the time of his plea.

Maskell initially failed to appear for the sentencing hearing that was scheduled for July 29. A pickup order was issued, and Maskell was finally brought before the court on September 24. At the beginning of the hearing, the trial court read its order denying Maskell's motion to withdraw his plea into the record. After Judge Ross read his order denying the motion to withdraw plea into the record, Maskell's request to argue the motion was denied. Maskell was sentenced to five years' imprisonment as a habitual offender for his commission of Class B felony possession of a firearm by certain persons pursuant to his plea agreement. Maskell asked whether he would have the opportunity to speak before the sentence was imposed, and the court denied this request. A corresponding sentencing order was entered that same day. Maskell argues that this sentencing order was signed by Judge Puryear after he lost jurisdiction over this case.

Maskell's first three points on appeal are with respect to motions and orders that were entered before he entered his guilty plea on June 10, 2024. His first argument is that Judge Puryear violated Administrative Order No. 16 when he entered the amended order of recusal on July 21, 2023, stating that his case would be transferred according to the county administrative plan. The amended order was entered before June 10, 2024, the date that Maskell's unconditional guilty plea in which he expressly waived his appellate rights was accepted.[2]

Except as provided by Arkansas Rule of Criminal Procedure 24.3(b), there shall be no appeal from a plea of guilty or nolo contendere. Ark. R. App. P.–Crim. 1(a) (2023). Arkansas Rule of Criminal Procedure 24.3(b) allows a defendant to enter a conditional guilty plea under certain specified circumstances. Maskell did not enter a conditional plea under Rule 24.3(b).

Our supreme court has recognized two other exceptions to Arkansas Rule of Appellate Procedure–Criminal 1(a). An appeal may be taken after a guilty plea when there is a challenge to the testimony or the evidence presented in a sentencing hearing separate from the plea itself. *Burgess v. State*, 2016 Ark. 175, at 4, 490 S.W.3d 645, 648. An appeal may also be taken from the denial of a postjudgment motion to amend an incorrect or illegal sentence following a guilty plea. *Reeves v. State*, 339 Ark. App. 304, 5 S.W.3d 41 (1999).

---

[2]Regardless of Judge Puryear's execution of the amended order, it is undisputed that this case would have been assigned to Judge Ross under the original order of recusal directing the circuit clerk to follow Administrative Order No. 16. Accordingly, any argument with respect to jurisdiction has no merit.

When the appeal from a guilty plea does not fall under one of these exceptions, we must dismiss for lack of jurisdiction. *Starks v. State*, 2019 Ark. App. 182, 574 S.W.3d 700. Neither of these exceptions applies to Maskell's appeal with respect to whether Judge Puryear had jurisdiction to effectuate the amended order. Therefore, there is no merit to this point of appeal.

In his second and third arguments on appeal, Maskell argues that the trial court erred by denying his motions to recuse Judge Ross. His second argument is that the order denying Judge Ross's recusal was erroneous because Judge Ross was "selected" by Judge Puryear in the amended order in contravention of Administrative Order No. 16. His third argument is that the trial court erred in not ordering Judge Ross's recusal because he was biased against Maskell. The order denying recusal was entered on February 15, 2024, which was before June 10, 2024, the date Maskell entered his unconditional guilty plea in which he expressly waived his appellate rights.

We decline to address these two points on appeal for the same reasons as discussed under Maskell's first argument that this court has no jurisdiction to rule on the merits. Neither of the exceptions explained above applies to Maskell's appeal of the order denying Judge Ross's recusal.

With respect to Maskell's next two arguments on appeal, Maskell states that the trial court abused its discretion by not affording him an evidentiary hearing on his motion to

withdraw his guilty plea and by not affording him the right to allocution[3] at the sentencing hearing.

Maskell's motion to withdraw his guilty plea cited three grounds to his motion: (1) coercion by Judge Ross; (2) ineffective assistance of counsel; and (3) he was "under the influence of Gabapentin and Trazadone when he entered the negotiated plea." At the hearing, Judge Ross immediately read his order denying the motion to withdraw plea into the record. Maskell asked the court whether he would be allowed to argue that motion, and the court told him that he would not be able to do so. The judge then immediately began imposing the sentence.

With respect to the denial of Maskell's motion to withdraw his guilty plea, a hearing on the motion is "limited to those instances in which the defendant's motion raises substantial issues of law or fact and should be denied when the files and record conclusively show that the defendant is entitled to no relief." *Aikens v. State*, 2022 Ark. App. 161, at 6 (quoting *Green v. State*, 362 Ark. 459, 467, 209 S.W.3d 339, 343 (2005)).

There was no evidence that the judge coerced Maskell into entering the plea at the plea hearing. The judge's questions to Maskell were very thorough, and Maskell's responses were clear that he understood his rights before entering the plea. He also attested that he

---

[3]Arkansas Code Annotated section 16-90-106(b) (Repl. 2016) provides, "When the defendant appears for judgment, he or she must be informed by the court of the nature of the indictment, his or her plea, and the verdict thereon. . . . He or she must be asked if he or she has any legal cause to show why a judgment should not be pronounced against him or her."

was not under the influence of any drugs at the plea hearing, and the colloquy does not suggest that he was impaired. The judge did not abuse his discretion in his decision to rule on the motion to withdraw plea without an evidentiary hearing.

With respect to the sentencing hearing and the argument that Maskell was denied his right to allocution, the judge accepted the plea at the plea hearing, and at that hearing Maskell had ample opportunity for allocution. The pertinent parts of the colloquy with respect to sentencing at the plea hearing follow:

| [THE COURT]: | Very well. Mr. Maskell, I understand that you wish to change your plea from not guilty to guilty this evening; is that correct? |
|---|---|
| [MASKELL]: | Yes. Based on a few terms. |
| [THE COURT]: | All right. I see where you were charged with possession of a firearm by certain persons. That's a class B felony. It carries a range of five to thirty years in prison and a fine of up to $15,000. You could receive a sentence up to thirty years in prison, fine of up to $15,000. You were charged as a felon. You were also charged as an habitual offender. You have the right to plead not guilty and be tried before this Court or by a jury of your peers. The burden will be on the State of proving your guilt beyond a reasonable doubt. Do you understand that, Mr. Maskell? |
| [MASKELL]: | Yes, sir. |
| [THE COURT]: | Do you hereby state that your judgment is not now impaired by any drugs, alcohol or medication? |
| [MASKELL]: | It is not. |

[THE COURT]: Do you understand the minimum and maximum possible sentence you could receive?

[MASKELL]: Yes, sir. It's five to thirty, I believe.

[THE COURT]: Do you understand that your plea of guilty is a waiver of your right to a trial by a jury and of your right to appeal to any other court?

[MASKELL]: I see that in there, yes.

[THE COURT]: Okay. All right. Do you fully understand what you are – what you are charged with having done?

. . . .

[THE COURT]: Are you certain that your plea of guilty has not been induced by any force, threat or promise apart from the plea agreement itself?

[MASKELL]: As long as everything in the plea agreement is honored, I'm good with it.

. . . .

[THE COURT]: All right. If your negotiated plea involves a sentence of imprisonment, do you state that no one has made you any promises regarding parole eligibility, earning of meritorious good time, early release or anything of that nature to get you to enter this plea?

[MASKELL]: That is correct. They can't on this charge.

. . . .

[THE COURT]: All right. You signed this paperwork?

[MASKELL]: That is correct, sir.

| | |
|---|---|
| [THE COURT]: | All right. Mr. Mazzanti, I recognize your signature, sir. All right. Let's go to the recommendation. The State is asking for five years ADC for the possession of a firearm by certain persons. |

. . . .

| | |
|---|---|
| [THE COURT]: | Let me hear from you, Mr. Maskell, as to the punishment of five years. Let me hear from you. |
| [MASKELL'S COUNSEL]: | What do you need to hear? |
| [THE COURT]: | Well, we are here to accept a plea – well, I guess to hear the plea at this point in time. And then we will – we will sentence him. |
| [MASKELL'S COUNSEL]: | Oh, Your Honor, he is – Mr. Maskell is asking that sentencing be postponed until July 29 and that he's willing to waive the 30-day requirement. |
| [MASKELL]: | Correct. It was agreed upon with all parties, Mr. Harrod as well. |
| [THE COURT]: | All right. Mr. Maskell, let's – the Court is in agreement with allowing you to enter your plea for five years ADC time along with all the other portions of this saying fines and things of that nature and restitution. All right. And also the conditions that they have asked for which is that you check in with the sheriff's office, both sheriff's offices. All right. |

It is clear from the record that the judge was on the brink of imposing the sentence at the plea hearing when counsel interjected that there was an agreement to allow Maskell some time to work and spend time with his family. Here, his plea had been accepted by the court at the plea hearing when the judge stated "the court is in agreement with allowing you to enter your plea for five years ADC time along with all the other portions of this saying

11

fines and things of that nature and restitution." Maskell was given ample opportunity to allocute at that hearing. And after doing so, the judge agreed to the delayed imposition.

Also, the plea agreement that was accepted by the judge imposed the minimum sentence for a Class B felony—five years. Maskell made no argument that he was prejudiced by not being able to speak after the plea was accepted but before the imposition of the negotiated sentence, and we find no prejudice.

Maskell next asserts that his motion to withdraw his guilty plea was erroneously denied because the plea was not voluntarily and intelligently made because he was "under the influence of Trazodone and Gabapentin." Arkansas Rule of Criminal Procedure 26.1(a) provides that a defendant may withdraw a guilty plea as a matter of right before it is accepted by the court. It is uncontested that the circuit court accepted Maskell's guilty plea on June 10, 2024, and denied his motion to withdraw his plea before entry of judgment on September 24. When a motion is denied after acceptance but before judgment, the court in its discretion may allow the defendant to withdraw his plea to "correct a manifest injustice if it is fair and just to do so," considering the reasons advanced by a defendant and any prejudice the withdrawal of a plea would cause the prosecution in reliance upon his plea. Ark. R. Crim. P. 26.1(a). A withdrawal of a plea is necessary to correct a manifest injustice if the defendant, in part, "proves to the satisfaction of the court that . . . the plea was involuntary, or was entered without knowledge of the nature of the charges or that the sentence imposed could be imposed[.]" Ark. R. Crim. P. 26.1(b)(iii).

A defendant's plea is an intelligent act when "done with sufficient awareness of the relevant circumstances and likely consequences." *Martin v. State*, 2015 Ark. 147, at 6, 460 S.W.3d 289, 293 (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). Relevant considerations include the accused's prior experience with the judicial system. *Peterson v. State*, 296 Ark. 324, 326, 756 S.W.2d 897, 898–99 (1988). In *Pettit v. State*, 296 Ark. 423, 758 S.W.2d 1 (1988), the Arkansas Supreme Court noted that the defendant's plea colloquy supported that he intelligently entered his plea with knowledge of its ramifications, despite having taken tranquilizers that same day.

A circuit court's denial of a motion to withdraw a guilty plea will be affirmed absent an abuse of discretion. *Fogle v. State*, 2020 Ark. App. 183, at 6, 596 S.W.3d 593, 598. When a record demonstrates a factual basis for a plea and the accused initially admits that the plea is voluntary, the defendant faces an "uphill climb" to overcome the consequences of the plea. *Mangrum v. State*, 70 Ark. App. 46, 51, 14 S.W.3d 889, 892 (2000).

At the plea hearing in this case, the judge asked Maskell an extensive list of questions. Maskell went through a very specific explanation of the crime he committed. He understood the terms of the negotiated sentence. He specifically denied ingesting drugs before the plea hearing. Maskell clearly understands the judicial system. The trial judge did not abuse his discretion by denying Maskell's motion to withdraw plea.

With respect to Maskell's final issue on appeal, that Judge Puryear originally signed the sentencing order, there is no evidence that Judge Puryear signed any order after the

amended order of recusal. This is an unsupported contention and provides no basis to reverse the guilty plea.

Affirmed.

HARRISON and WOOD, JJ., agree.

*Adam Maskell*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.